612

Dick F. Bennett and Ralph E. Griffith, both of Kansas City, Mo., for plaintiff.

J. K. Owens and John S. Cannon, both of Kansas City, Mo., for defendants.

REEVES, District Judge.

Defendants seek to have the complainant state in his complaint "to whom said sales were made and the date of said sales" and "to whom defendant sold 6,000 pounds of ground beef or hamburger at 35 cents per pound.

It is averred in the complaint and in the first count thereof: "* * * that the defendants between May 15, 1945, and October 15, 1945, sold ground beef or hamburger in excess of the maximum ceiling price of 26¢ per pound, in violation of Maximum Price Regulation 355 (Zone 4—Price Chart —page 27), Section 22(g); and Article I, Section 12 of said, Regulation."

The averment in Count 2, and about which the defendants complain, alleges: "* * * that the defendants between May 15, 1945, and October 15, 1945, sold and delivered to the consumer public at their store at 4112 Troost Avenue, Kansas City, Missouri, 6,000 pounds of ground beef or hamburger at 35¢ per pound, or a total sum of $2,1000.00 ($2,100.00) which was in excess of the dollar and cents ceiling price fixed for said ground beef or hamburger, and which said ceiling price for ground beef or hamburger was 26¢, or a total actual overcharge of $540.00, in violation of Maximum Price Regulation 355, (etc.)."

.It is the contention of the defendants that the foregoing allegations are mere conclusions of the pleader and that the plaintiff should be required to make his statement more definite and certain.

■ 1. The courts have never favored that portion of the rules which undertook to justify a motion of this kind for the purpose of aiding counsel in preparing his case for trial. Federal Rules of Civil Procedure, rule 12(e), 28 U.S.C.A. following section 723c. The rule has been limited to such clarification as would enable the defendant to file a responsive pleading.

■ 2. In this case the complainant says that between certain fixed dates the defendant sold certain commodities in excess of the ceiling prices, and, in the second count, the complainant fixes the amount of the overcharge as a predicate for the recovery of a penalty. Such averments would not in any way embarrass the defendants in preparing and filing a responsive pleading. On the first count the defendants either violated the regulations or they did not. The same thing is true in the second count

with respect to the quantity of the commodity sold in excess of ceiling prices.

The complaint is very clear and certain in its averments that the defendants violated the regulations of the administrator. The time was fixed during which said violations are alleged to have occurred and the profits accruing to the defendants.

3. Under recognized practice, if the defendants are unable to ascertain from their records to whom the sales were made, it would be permissible for them, either at a pre-trial conference to ask plaintiff's counsel to say to whom the sales were made and the prices obtained therefor, or, they would be able to elicit the same information through interrogatories. However, it would seem that the defendants should be familier with the names of their own customers and the sales that were made to them, and whether in any case there was a violating of the ceiling price.

The motion for a more definite and certain statement should be overruled, and it will be so ordered.